TERRELL, Justice.
This is a petition for writ of habeas corpus in which petitioner challenges the validity of a judgment and a life sentence for a fourth felony conviction under the provisions of F.S. § 775.11, F.S.A. The information on which he was tried alleges that petitioner was convicted January 16, 1935 for breaking and entering and was sentenced to serve one year in the county jail, that on November 4, 1938 he was convicted of burglary and was sentenced to serve five years in the state prison, that on January 18, 1949 he was convicted of breaking and entering. an automobile and was sentenced to serve three years in the state prison, that on November 3, 1953 he was tried and convicted for resisting arrest. At the time the present, information was filed, although he was convicted for resisting arrest, petitioner had not been sentenced, consequently we are left to surmise whether confinement in the state prison .or the county jail was contemplated. Petitioner entered a plea of guilty to the fourth information for felony, was adjudged to be so and was sentenced to the state penitentiary for and during his natural life as provided in F.S. § 775.10, F.S.A.
The question presented is whether the crimes alleged in the information filed December 15, 1953 are felonies under the laws of Florida. The answer to this question turns on the interpretation of the last or fourth felony conviction.
The pertinent part of the information for fourth felony conviction charged “the said Lawrence McDaniel did commit a fourth felony, to-wit: resisting arrest and was convicted of said offense in the Circuit Court in and for Sarasota County, Florida; was adjudged guilty thereof by the Court on November 3, 1953 * * * ”
Resisting arrest is a statutory crime. F.S. § 843.02, F.S.A. relates to resisting arresting officer without violence to his person and provides for punishment by imprisonment not exceeding one year or by fine. F.S. § 843.01, F.S.A. relates to resisting arrest with offer to do violence to person of the officer and provides for punishment by imprisonment in the state prison not exceeding two years, or by imprisonment in the county jail not exceeding one year or by fine not exceeding $1,000. It is impossible to determine from the face of the information charging the four felony convictions which of the two crimes of resisting arrest was the fourth felony petitioner is alleged to have been tried for and adjudicated guilty of committing. If there are varying aspects of the crime, one a felony and the other a misdemeanor and the sentence is not shown to have been imposed, it is’ not sufficient to allege that said crime was a felony. If resisting • arrest with violence was the fourth felony or major crime, then the information should have so specified or the sentence imposed should have been designated so as to leave *521 no room for doubt; otherwise we are driven to the conclusion that the last crime for which the petitioner was convicted was the lesser one, viz., that of resisting arrest.
F.S. § 775.08, F.S.A. defining felonies and misdemeanors provides that any crime punishable by death or imprisonment in the state penitentiary is a felony and that all other offenses are misdemeanors. F.S. § 775.06, F.S.A. provides that whenever punishment by imprisonment is prescribed and the said imprisonment is not expressly dir rected to be in the state prison, it shall be taken and held to be imprisonment in the county jail.
From this it appears that the crime of resisting arrest or resisting an officer without violence to his person is a misde-meanor because the place of imprisonment is not specified in the statute. It necessarily follows from the face of the information that petitioner has not committed the fourth felony as required by F.S. § 775.10, F.S.A.
Petitioner is accordingly remanded to the custody of respondent with directions that he be presented to the Circuit Court of Sarasota County for the imposition of a proper sentence as .provided by law or in the alternative for proper proceedings under a new information as provided by F.S. § 775.11, F.S.A.
It is so ordered.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.